**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-0159-LRR |
| vs. | **ORDER** |
| DANA RETH, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

I. *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II. *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . *1*

III. *FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV. *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    A. *Deferred Judgments in Iowa* . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    B. *Purpose of Section 922(g)(1)* . . . . . . . . . . . . . . . . . . . . . . . . . *6*

    C. *Whether Defendant's Deferred Judgment Meets Iowa's Test* . . . . . . *7*

V. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

### *I. INTRODUCTION*

The matter before the court is Defendant Dana Reth's Motion to Dismiss Indictment ("Motion") (docket no. 12).

### *II. RELEVANT PROCEDURAL HISTORY*

On December 6, 2006, Defendant was charged in a one-count Indictment. Count I charges Defendant with being a felon in possession of firearms and ammunition on about May 4, 2004, in violation of 18 U.S.C. § 922(g)(1). The Indictment also includes a forfeiture allegation.

On January 17, 2007, Defendant filed the instant Motion. On January 29, 2007, the government filed a resistance ("Resistance"). On February 1, 2007, Defendant filed a reply ("Reply").

On February 2, 2007, Defendant filed a Notice of Conditional Guilty Plea and Reservation of Right to Appeal, reserving the right to appeal the ruling on the instant Motion. On February 5, 2007, Defendant appeared before a United States magistrate judge and entered a conditional guilty plea to Count I of the Indictment, and the United States magistrate judge issued a Report and Recommendation. On February 21, 2007, the undersigned accepted Defendant's conditional guilty plea.

The court finds the Motion fully submitted and ready for decision.[1]

### III. FACTUAL BACKGROUND[2]

On July 31, 2002, Defendant pled guilty in the Iowa District Court in and for Linn County to Theft in the First Degree, in violation of Iowa Code sections 714.1(1) and/or (3)[3] and 714.2(1).[4] On September 13, 2002, the state court imposed a deferred judgment

---

[1] In its discretion, the court decided not to hold a hearing on the Motion. *See United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998) ("Whether to hold an evidentiary hearing and whether to grant a pre-trial motion to dismiss an indictment are matters within the trial court's discretion.").

[2] The relevant facts are undisputed.

[3] Iowa Code section 714.1 provides, in part:

> A person commits theft when the person does any of the following:
>
> 1. Takes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof. . . .

(continued…)

with five years of probation. On February 19, 2003, the state court found Defendant liable for $217,787.12 in victim restitution.

On May 4, 2004, law enforcement officers executed a search warrant at Defendant's residence and found several firearms and ammunition. On May 19, 2004, the Linn County Attorney filed an Application for Revocation of Probation due, in part, to the May 4, 2004 search. On November 8, 2004, the state court revoked Defendant's deferred judgment, sentenced him to an indeterminate term of imprisonment of ten years, suspended the entire sentence and placed him on probation for five years.

### IV. ANALYSIS

The narrow question presented in the Motion is whether a person who has pled guilty to committing a theft in Iowa and who has been given a deferred judgment of five years probation, but who has not yet completed the term of probation nor had the probation revoked, is a person who has a prior felony "conviction" for purposes of 18 U.S.C. § 922(g)(1).

Defendant is charged with violating § 922(g)(1), which provides: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). The phrase "crime punishable by imprisonment for a term exceeding one year" is defined in § 921(a)(20).

---

[3](…continued)
> 3. Obtains the labor or services of another, or a transfer of possession, control, or ownership of the property of another, or the beneficial use of property of another, by deception. . . .

Iowa Code § 714.1(1) (2001).

[4] Iowa Code section 714.2 provides, in part: "The theft of property exceeding ten thousand dollars in value . . . is theft in the first degree. Theft in the first degree is a class 'C' felony." Iowa Code § 714.2(1) (2001).

3

*See id.* § 921(a)(20) (providing definition). It provides, in part, that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.*[5] Accordingly, the court examines Iowa law to determine whether Defendant's September 13, 2002 deferred judgment is a "conviction" for purposes of § 922(g)(1).

In his Motion, Defendant alleges that the Indictment should be dismissed because his September 13, 2002 state court deferred judgment is not a predicate felony conviction. Defendant argues that the main purpose behind § 922(g)(1) is to punish offenders and, when that is the statutory purpose, the Iowa Supreme Court applies the narrower definition of "conviction." Therefore, he argues, a guilty plea alone does not meet the definition of "conviction," and, on May 4, 2004, when he possessed firearms and ammunition, he was not a felon.

In its Resistance, the government argues that an Iowa deferred judgment is a qualifying conviction for purposes of § 922(g)(1), because the purpose of § 922(g)(1) is to protect the public. When public protection is the purpose of the statute, the Iowa Supreme Court construes "conviction" very broadly. The government argues that Defendant's September 13, 2002 state court deferred judgment is enough, standing alone, to establish a conviction for purposes of § 922(g)(1).

---

[5] In 1983, the Supreme Court held that a predicate offense under § 922(g) is defined by federal law, rather than state law. *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111-12 (1983), *superseded by statute*, 18 U.S.C. § 921(a)(20) (1986); *see United States v. Storer*, 413 F.3d 918, 921 (8th Cir. 2005) (recognizing that *Dickerson* was superceded, in part, by statute). The Supreme Court applied federal law and held that an Iowa deferred judgment that had been expunged was a conviction for purposes of § 922(g) and (h), despite the fact that the defendant successfully completed the term of probation. *Id.* at 115. In 1986, Congress amended § 921(a)(20)'s definition of predicate offenses so that state law now defines what constitutes a predicate conviction. Firearms Owners' Protection Act of 1986, Pub. L. No. 99-308, § 101(5), 100 Stat. 449 (1986).

4

### *A. Deferred Judgments in Iowa*

In Iowa, "the trial court may, upon a plea of guilty . . . [and w]ith the consent of the defendant, . . . defer judgment and . . . place the defendant on probation upon conditions as it may require." Iowa Code § 907.3(1) (2001). "'Deferred Judgment' means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the [trial] court." *Id.* § 907.1(1). Moreover, "[t]he [trial] court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the [trial] court as a requirement of the deferred judgment." *Id.*

The Iowa Supreme Court has stated that "[t]he word 'conviction' is subject to various interpretations." *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 71 (Iowa 2002). The Iowa Supreme Court bifurcates convictions into two categories: those that are "used to increase a criminal penalty" and those that are "used to protect the public." *Id.* It has stated: "'While we have construed the word "conviction" to have a relatively narrow and technical meaning where it appears in statutes used to enhance punishment, we have accepted a broader definition when protection of the public has been at stake.'" *Id.* (quoting *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986)).

If the purpose of the statute is "protective in nature," then the Iowa Supreme Court has determined that four factors must be present to show that a conviction exists. *Id.*; *see also State v. Blood*, 360 N.W.2d 820, 822 (Iowa 1985) (determining that, because the driver's license revocation statute had a public protection purpose, the term "violations" in the statute included "those previous determinations of guilt that resulted in deferred sentences"). If the purpose of the statute is to punish offenders, however, then the term conviction is construed more narrowly. *See State v. Smith*, No. 04-0858, 2005 WL 839527, *2 (Iowa Ct. App. Apr. 13, 2005) (unpublished) ("We have followed the more

5

technical and relatively narrow meaning of 'conviction' where it appears in statutes used to enhance punishment.").

Therefore, when reviewing whether Defendant's deferred judgment is a qualifying conviction under § 922(g)(1), the first step is to determine whether the purpose behind § 922(g)(1) is to protect the public or to punish offenders. *See Schilling*, 646 N.W.2d at 73 ("The first question is whether the license revocation is aimed at the protection of the public or as a punishment measure.").

### B. Purpose of Section 922(g)(1)

The purpose behind § 922(g)(1) is to keep firearms out of the hands of dangerous and irresponsible people. *See Barrett v. United States*, 423 U.S. 212, 218 (1976) ("The very structure of the Gun Control Act [of 1968] demonstrates that Congress did not intend to restrict interstate sales but sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous."); *Huddleston v. United States*, 415 U.S. 814, 824 (1974) (explaining that federal gun control legislation is "aimed at restricting public access to firearms"). The broad purpose behind the Gun Control Act of 1968 was "'to make it possible to keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency.'" *Barrett*, 423 U.S. at 218 (quoting S. Rep. No. 1501, at 22 (1968)); *see also Huddleston*, 415 U.S. at 824 ("The principle purpose of the federal gun control legislation, therefore, was to curb crime by keeping 'firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency.'" (quoting S. Rep. No. 1501, at 22 (1968))). Section 922(g) was designed to keep "'lethal weapons out of the hands of criminals, drug addicts, mentally disordered persons, juveniles, and other persons whose possession of them is too high a price in danger to us all to allow.'" *Huddleston*, 415 U.S. at 825 (quoting 114 Cong. Rec. 13219 (1968) (statement of Sen. Tydings)). Finally, during the House debates on the Gun Control Act of 1968, one legislator stated:

6

> [N]one of us who support Federal firearms controls believe that any bill or any system of control can guarantee that society will be safe from firearms misuse. But we are convinced that a strengthened system can significantly contribute to reducing the danger of crime in the United States. No one can dispute the need to prevent drug addicts, mental incompetents, persons with a history of mental disturbances, and persons convicted of certain offenses, from buying, owning, or possessing firearms. This bill seeks to maximize the possibility of keeping firearms out of the hands of such persons.

*Id.* at 828 (quoting 114 Cong. Rec. 21784 (1968) (statement of Rep. Celler)). Based on the Supreme Court's statements regarding the legislative history of the Gun Control Act of 1968, the court concludes that the main purpose behind § 922(g)(1) is "protective in nature." *See Schilling*, 646 N.W.2d at 71.

### C. Whether Defendant's Deferred Judgment Meets Iowa's Test

Because § 922(g)(1)'s main purpose is to protect the public, the court must examine the four elements set forth in *Schilling v. Iowa Department of Transportation* to determine whether Defendant has a qualifying "conviction." *Schilling*, 646 N.W.2d at 71. *Cf. State v. Martin*, No. 01-1525, 2002 WL 1767138, at *2 (Iowa Ct. App. July 31, 2002) (unpublished) (examining a restitution statute and stating: "With protection of the public and rehabilitation of the offender as purposes of this section, [the Iowa Court of Appeals] believe[s] a broad definition of 'conviction' is appropriate."). A person has a "conviction" if:

> (1) A judge or jury has found the defendant guilty, or the defendant has entered a plea of guilty; (2) the court has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed; (3) a judgment of guilty may be entered if the person violates the terms of probation or fails to comply with the requirements of the court's order; and (4) the conviction has become final. A conviction has become

7

> final if the defendant has exhausted or waived any postorder challenge.

*Schilling*, 646 N.W.2d at 71. There is no question that, at the time Defendant possessed the firearms on May 4, 2004, he had satisfied the first three elements of the four-element *Schilling* test. Defendant satisfied the first element on July 31, 2002, when he entered a guilty plea. *Id.* Defendant satisfied the second element on September 13, 2002, when the state court restrained Defendant's liberty by imposing a five-year term of probation. *Id.* Defendant satisfied the third element because, after the state court imposed the probationary term, it retained the right to impose a "judgment of guilty" if Defendant violated the terms of his probation prior to the end of the five-year period. *Id.*; *see* Iowa Code § 907.1(1) ("The court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment."); *see also State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975) ("The adjudication of guilt and imposition of sentence are the elements of judgment in a criminal case. . . . Thus, when judgment is deferred . . . the adjudication of guilt is deferred as well as the sentence."). Therefore, the first three elements of the *Schilling* test have been met.

The last issue is whether the fourth element was satisfied by Defendant's 2002 state court deferred judgment; that is, whether Defendant's deferred judgment was a "final conviction." The Iowa Supreme Court explained that "final conviction" means "the defendant has exhausted or waived any postorder challenge." *Schilling*, 646 N.W.2d at 71. In cases where a defendant receives a deferred judgment, there is no right to appeal. *See State v. Soppe*, 374 N.W.2d 649, 652 (Iowa 1985) ("Because no judgment is entered in [deferred judgment] cases, defendant has no right of appeal and even the possibility of appeal is extinguished upon successful completion of the probation."); *see also State v. Anderson*, 246 N.W.2d 277, 279 (Iowa 1976) (stating that "the initial order to defer

8

sentence in a § 789A.1(1)[6] procedure is interlocutory and cannot meet the final judgment requirement of § 793.2[7] to support an appeal"). One of the reasons an Iowa deferred judgment order cannot be appealed is that, by definition, a deferred judgment "cannot be entered without defendant's consent." *Anderson*, 246 N.W.2d at 279 (citing Iowa Code § 789A.1(1)); *see* Iowa Code § 907.3(1) ("With the consent of the defendant, the court may defer judgment . . . ."). Additionally, Defendant waived any right he may have had to file a petition for certiorari.[8] Defendant has not claimed he appealed, petitioned for certiorari or made any other "postorder challenge" to the September 13, 2002 deferred judgment order. Therefore, the court concludes that the fourth *Schilling* element is satisfied.

The Iowa Supreme Court and Iowa Court of Appeals have determined that similar deferred judgment orders are "final." In *Schilling* itself, the Iowa Supreme Court held that

---

[6] Iowa Code § 789A.1 (1975) was the predecessor to Iowa Code § 907.3 (2001), Iowa's deferred judgment statute.

[7] Iowa Code § 793.2 (1975) is now Iowa Code § 814.6 (2001). This section provides, in part: "Right of appeal is granted the defendant from: . . . [a] final judgment of sentence . . . ." Iowa Code § 814.6(1)(a) (2001).

[8] In *Schilling*, the Iowa Supreme Court addressed whether a defendant could seek certiorari from a deferred judgment order. In a footnote, it stated:

> It has been suggested that a remedy in certiorari might be available to challenge a deferred judgment order in the discretion of the court. *See McKeever v. Gerard,* 368 N.W.2d 116, 119-21 (Iowa 1985) (Carter, J., dissenting). In any event, certiorari is not available here because Schilling did not challenge the court's order within the 30 days provided by Iowa Rule of Civil Procedure 1.1402(3).

*Schilling*, 646 N.W.2d at 73 n.1; *see* Iowa R. Civ. P. 1.1402(3) (providing that a petition for certiorari must be "filed within 30 days from the time the tribunal . . . acted illegally").

9

a deferred judgment was a "final conviction" for purposes of a driver's license revocation statute. *Schilling*, 646 N.W.2d at 73. In *State v. Martin*, the Iowa Court of Appeals affirmed the district court's finding that a deferred judgment constituted a "conviction" under Iowa Code § 910.3B, a restitution statute which contained a mandatory restitution provision for certain convictions. *Martin*, 2002 WL 1767138, at *1-*2. In *Martin*, the district court had accepted the defendant's *Alford* plea, sentenced him to five years of probation and the five-year period had not lapsed at the time the court imposed the restitution. *Id.* In *State v. Birth*, 604 N.W.2d 664 (Iowa 2000), the Iowa Supreme Court upheld the district court's ruling which treated the witness's deferred judgment as a conviction. *Id.* at 665. In *Birth*, the district court permitted the State to impeach a witness under Iowa Rule of Evidence 609 where the witness had received a deferred judgment and was still on probation at the time she testified as a defense witness. *Id. Cf. State v. Ege*, 274 N.W.2d 350, 359 (Iowa 1979) (holding that a witness who had received a deferred judgment and had successfully completed the period of probation did not have a conviction for impeachment purposes under Rule 609(a)).

## *V. CONCLUSION*

Because the purpose of § 922(g) is to protect the public, Iowa's broad definition of "conviction" is applicable. Defendant's September 13, 2002 state court deferred judgment is a § 922(g)(1) predicate conviction.

For the foregoing reasons, it is hereby **ORDERED:**

(1) Defendant's Motion to Dismiss Indictment (docket no. 12) is **DENIED**; and

(2) The period between the filing of Defendant's Motion to Dismiss and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C.

10

§ 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 5th day of April, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA